U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 8 2013

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §   NO. 4:12-CV-931-A
                              §   (NO. 4:07-CR-183-A)
                              §
CURTIS ONEAL RHINE            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Curtis Oneal
Rhine, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence and supporting memorandum of law ("Memorandum" or
"Mem."). The government filed a response, and movant filed a
reply. Having now considered all of the parties' filings, the
entire record of this case, and applicable legal authorities, the
court concludes that the motion should be denied.

I.

Background

On January 11, 2008, movant pleaded guilty to one count of
possession with intent to distribute cocaine base in violation of
21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of felon in
possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1)
and 924(a). On May 16, 2008, the court sentenced movant to a
term of imprisonment of 240 months as to count 1, and a term of

imprisonment of 120 months as to count 2, to run consecutive to the sentence imposed as to count 1, for an aggregate term of imprisonment of 360 months.

On appeal, the United States Court of Appeals for the Fifth Circuit vacated movant's sentence and remanded for re-sentencing. United States v. Rhine, 583 F.3d 878, 891 (5th Cir. 2009). On December 31, 2009, the court re-sentenced movant to a term of imprisonment of 120 months as to count 1, and a sixty-month term of imprisonment as to count 2, to run consecutive to the sentence imposed in count 1, for a total term of imprisonment of 180 months. The Fifth Circuit affirmed. United States v. Rhine, 637 F.3d 525, 530 (5th Cir. 2011).

II.

## Grounds of the Motion

In the motion movant asserted five grounds for relief, all alleging that he was denied effective assistance of counsel because his attorney, Matthew Belcher ("Belcher"): (1) failed to file a timely motion to suppress evidence; (2) failed to move for withdrawal of movant's guilty plea prior to re-sentencing; (3) failed to argue the one-to-one crack-to-powder disparity to be considered under the factors in 18 U.S.C. § 3553(a); (4) on appeal after re-sentencing, Belcher failed to follow up on

2

movant's request for withdrawal of his guilty plea prior to re-sentencing after notice of the possible upward departure; and, (5) failed to argue for application of Amendment 748 on appeal after re-sentencing.  The Memorandum added the additional claim that Belcher was ineffective for failing to pursue a plea agreement on movant's behalf.

As the factual basis for the first ground movant alleges that on October 24, 2007, a Fort Worth police officer stopped the car in which movant was a passenger.  The officer smelled marijuana on movant, who admitted he had earlier smoked marijuana.  The officer removed movant from the vehicle and arrested him when the officer learned movant had outstanding state warrants.  The officer then searched the area of the car around where movant had been sitting and found two handguns. When police searched movant at the jail, they found a plastic baggie containing a substance, later found to be cocaine, inside of and partially protruding from movant's anal cavity.  The firearms were later found to have been manufactured outside of Texas.  Movant now contends Belcher was ineffective for failing to file a motion to suppress any of the foregoing evidence.

As the factual basis of the second ground movant contends that prior to his re-sentencing he became aware that the court

3

intended to use his activities in the "Fish Bowl"[1] to seek an upward departure or variance of his sentencing guidelines. Movant instructed Belcher to file a motion to withdraw his guilty plea, but Belcher purportedly told movant that the Fish Bowl conduct would be excluded based on Belcher's objections.

The factual basis of the third ground alleges that during re-sentencing Belcher failed to argue that the court had authority, based on Supreme Court precedent, to vary from the crack cocaine guidelines in the United States Sentencing Guidelines, as other district courts have done. Belcher also failed to argue that the court should apply a one-to-one ratio on sentencing of crack cocaine offenders following the reasoning of Spears v. United States, 555 U.S. 261 (2009). Movant contends that had the court applied the one-to-one ratio it could have resulted in a lower sentence in light of the factors in 18 U.S.C. § 3553(a). However, Belcher's only challenge at re-sentencing was to the court's upward departure/variance.

The factual basis of the fourth ground is similar to that of the second, in that movant contends that Belcher failed to argue on appeal that movant should have been allowed to withdraw his

---

[1]The "Fish Bowl" was an area within the city of Fort Worth, Texas, in which the FBI had investigated organized drug trafficking. The Fish Bowl investigation implicated movant as one of the primary large-scale crack suppliers to other lower-level drug dealers in the Fish Bowl.

guilty plea prior to re-sentencing when it became apparent the court intended to consider the "Fish Bowl" activities to increase his sentence. Movant also argues that Belcher failed to raise other unspecified issues on appeal.

The factual basis of the fifth ground is the Fair Sentencing Act of 2010 that "reduced the disparity between sentences related to cocaine base ("Crack")." Mem. at 20. Movant contends that Amendment 748 amended the drug quantity table in the Sentencing Guidelines and eliminated the five-year mandatory minimum term of imprisonment. Movant claims that Belcher should have argued for application of Amendment 748 to reduce his sentence, or that Belcher could have included such an argument in his appeal or petition for rehearing filed with the Fifth Circuit.

The sixth and final ground for relief raised in the Memorandum is that Belcher should have sought a plea agreement with the government that could have resulted in a lower stipulated sentence. Instead, Belcher allowed movant to plead guilty without such an agreement.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

5

finally convicted.  <u>United States v. Frady</u>, 456 U.S. 152, 164

(1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir.

1991) (en banc).  A defendant can challenge his conviction or

sentence after it is presumed final only on issues of

constitutional or jurisdictional magnitude and may not raise an

issue for the first time on collateral review without showing

both "cause" for his procedural default and "actual prejudice"

resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.  Section 2255

does not offer recourse to all who suffer trial errors, but is

reserved for transgressions of constitutional rights and other

narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of

justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A.   <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel,

movant must establish that counsel's performance fell below an

objective standard of reasonableness.  <u>Strickland v. Washington</u>,

466 U.S. 668, 688 (1984).  To prevail on such a claim movant must

show (1) that counsel's performance was deficient, and (2) movant

was prejudiced by counsel's errors.  Id. at 687.  Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  Id. at 694.  Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one.  Id. at 687, 697. Further, to demonstrate prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Judicial scrutiny of such a claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Id. at 689.  The court must attempt "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 690.

7

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B.    Merits

    1.    First Ground

To prevail on a claim of ineffective assistance due to counsel's failure to move for suppression of evidence, movant must show, in addition to the requirements of Strickland, "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."  Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  Notably, the "failure to file a suppression motion does not constitute per se ineffective assistance of counsel."  Id. at 384.  Although a Fourth Amendment claim cannot be raised on collateral review, such a claim is "inextricably intertwined" with movant's claim of ineffective assistance of counsel based on the failure to file a motion to suppress. United States v. Cavitt, 550 F.3d 430, 435 (5th Cir. 2008). Accordingly, the court must consider the validity of the initial stop to determine if counsel rendered ineffective assistance for failing to file a motion to suppress.  Id.

Here, movant was arrested when the car in which he was a

8

passenger was stopped pursuant to a traffic stop, the legality of which is governed by Terry v. Ohio, 392 U.S. 1 (1968). Under Terry, the court must "first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc) (citing Terry, 392 U.S. at 19-20).

As to the first inquiry, the vehicle in which movant was a passenger was stopped because it was being operated without headlights at 11:30 at night. In the factual resume and at his rearraignment hearing, movant admitted that these facts were true, and he does not now dispute them. A traffic violation justifies a vehicle stop under the first Terry inquiry. United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005).

As to the second inquiry, movant further stipulated that the officer who stopped the vehicle smelled marijuana, and movant admitted to the officer that he had smoked marijuana earlier that night. The officer ran a computer check, which revealed multiple outstanding warrants for movant's arrest. A police officer may lawfully ask a passenger, such as movant, to identify himself and may also run a computer check on the passenger. Brigham, 382

F.3d at 509.  The officer arrested movant based on the outstanding warrants.  Movant also stipulated to all of these facts, and the facts demonstrate that the officer had reasonable suspicion to detain movant.  The second <u>Terry</u> inquiry is satisfied.  <u>See</u> <u>United States v. Pack</u>, 612 F.3d 341, 350, <u>modified</u> <u>at</u> 622 F.3d 383 (5th Cir. 2010).

Under the circumstances to which movant stipulated in his factual resume, the vehicle stop that resulted in movant's arrest was justified under <u>Terry</u>.  There would have been no basis on which Belcher could have moved to suppress anything recovered as a result of the traffic stop.  Movant argues, however, that the search incident to his arrest was unlawful under <u>Arizona v. Gant</u>, 556 U.S. 332 (2009), and that Belcher should have relied on <u>Gant</u> to argue for suppression of the evidence recovered in the search. Movant's reliance on <u>Gant</u> invites the sort of hindsight forbidden by <u>Strickland</u>.  The traffic stop and search leading to movant's arrest occurred on October 24, 2007.  Movant pleaded guilty on January 11, 2008, and he was initially sentenced on May 16, 2008. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."  <u>Kimmelman</u>, 477 U.S. at 381 (citing

10

Strickland, 466 U.S. at 689).  At the time of movant's arrest, guilty plea, and sentencing, police were permitted to search a vehicle incident to a lawful arrest.  See New York v. Belton, 453 U.S. 454, 460 (1981).  Accordingly, Belcher's failure to move for suppression under Gant cannot support a claim of ineffective assistance of counsel.

Because any motion to suppress made at the time of movant's guilty plea and sentencing would have failed, Belcher was not ineffective for failing to assert a meritless motion.  Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

2.   Grounds Two and Four[2]

The second and fourth grounds are based on movant's contention that Belcher was ineffective for failing to assist movant in withdrawing his guilty plea prior to re-sentencing, and for failing to raise the issue on appeal.  A criminal defendant has no absolute right to withdraw his guilty plea, and whether or not to grant such a request is within the court's discretion. United States v. Brewster, 137 F.3d 853, 857-58 (5th Cir. 1998). The defendant bears the burden to show a "fair and just reason" for seeking to withdraw the plea.  United States v. Powell, 354

---

[2]The government addresses the second and fourth grounds together in its response.

F.3d 362, 370 (5th Cir. 2003). Factors to be considered in evaluating a motion to withdraw include (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and, (7) whether withdrawal would waste judicial resources. <u>Brewster</u>, 137 F.3d at 857-58. Movant cannot make the required showing.

Had Belcher filed a motion to withdraw movant's guilty plea, the court would have found it to be without merit. At the time he entered his guilty plea, movant did not assert his innocence, nor does he do so in the instant motion. At all times during his criminal case movant had the close assistance of counsel. Movant also unduly delayed because he did not seek to withdraw his guilty plea prior to his initial sentencing, but only before his re-sentencing, when he realized that the court was considering an upward departure/variance based on his "Fish Bowl" activities.

Further, at movant's rearraignment hearing, the court informed movant that it was not bound by the facts stipulated between movant and the government, but could take into account

12

other facts in determining the sentence.  Rearraignment Tr. at

11.  The court also advised movant that it relied heavily on the

presentence report in determining the sentence to impose.  Id. at

13.  The court specifically asked movant if he understood that if

his sentence was more severe than he hoped it would be he would

be bound by his guilty plea and would have no right to withdraw

it, and movant testified that he understood.  Id. at 23-24.

Based on all of movant's representations during his rearraignment

hearing, the court expressly found that movant's guilty plea was

knowing and voluntary.  Id. at 27.[3]

Based on all of the foregoing, the court finds nothing in

the record of movant's criminal case or in the instant motion

that would have caused it to grant a motion to withdraw movant's

guilty plea.  Belcher was not ineffective for failing to file a

frivolous motion.  Clark, 19 F.3d at 966.

Movant also contends Belcher was ineffective for failing to

raise this issue on appeal.  To show ineffective assistance of

counsel on appeal, movant must show there is a reasonable

probability that, but for Belcher's errors, he would have

prevailed on appeal.  Smith v. Robbins, 528 U.S. 259, 285 (2000).

---

[3]Movant relies on the absence of a plea agreement as a reason Belcher should have filed a
motion to withdraw his guilty plea.  However, movant was not entitled to such a plea agreement,
rendering this a non-factor.

Counsel is not required to raise every non-frivolous argument on
appeal, and nothing in the motion or the record of this case
could lead to a conclusion that movant would have prevailed on
this issue had Belcher raised it on appeal.  See United States v.
Reinhart, 357 F.3d 521, 525 (5th Cir. 2004).

    3.   Third Ground

    Movant contends Belcher was deficient for failing to urge
the court to apply a one-to-one crack-powder ratio in calculating
movant's sentence during the re-sentencing process.  Movant
cannot show he was prejudiced by this omission because he cannot
show that the outcome of the proceeding would have been different
even if Belcher had raised the issue.

    At movant's re-sentencing hearing, the court stated that
movant's guideline range was thirty to thirty-seven months.
However, the court determined that a "reasonable sentence" in
movant's case was one that took into account movant's

> prior similar drug conduct, the drug activities that he
> engaged in, in that "Fish Bowl" area that was mentioned
> in the presentence report.  And for that activity to be
> taken into account, the sentence would have to be
> somewhat above the top of the advisory guideline range.

Re-Sentencing Tr. at 17-18.  The court then concluded that an
aggregate sentence of 180 months was required to address movant's
"history and criminal conduct" and to "adequately reflect the

seriousness of the offense conduct, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence for future criminal conduct, and to protect the public from further crimes of the defendant." Id. at 18.  Given the above discussion at re-sentencing, movant cannot show he was prejudiced by Belcher's failure to raise this issue because the court would not have imposed a lesser sentence based on the one-to-one crack-powder ratio.

4.   Ground Five

Movant similarly cannot show he was prejudiced by Belcher's failure to argue on appeal for retroactive application of Amendment 748.  The Fifth Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(2) is the proper vehicle to seek a reduction in sentence based on a retroactive amendment.  United States v. Levay, 76 F.3d 671, 672 n.1 (5th Cir. 1996).  Movant filed such a motion in this court on March 16, 2012.  Movant's re-calculated guideline range under the amendment was twenty-four to thirty months, and the undersigned concluded that movant met the criteria under § 3582(c) and United States Sentencing Guideline § 1B1.10(c).

However, the court discussed movant's sentencing history, including the factors leading to an upward departure/variance at

15

re-sentencing, and concluded that although the re-calculated guideline range was lower than the previous guideline range, "the same factors considered by the court to impose a sentence of 180 months during the January 5, 2010 sentencing hearing are still present," and denied the motion.  Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  Even if Belcher had raised the issue on appeal, movant cannot show that he would have prevailed.[4]  Reinhart, 357 F.3d at 525.

     5.   Ground Six

     Movant relies on Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012), to argue that Belcher was ineffective for failing to secure a plea agreement that could have led to a lower stipulated sentence.  This claim is also without merit.

     A criminal defendant "has no right to be offered a plea." Frye, 132 S. Ct. at 1410 (citation omitted).  To establish prejudice in the context of a guilty plea requires movant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  To prove prejudice when counsel failed to inform a criminal defendant of a plea offer before it expired,

_____

    [4]The Fifth Circuit affirmed the denial of movant's motion pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Rhine, 493 F. App'x 612 (5th Cir.2012).

or where counsel advised a criminal defendant to reject a plea offer and he received a greater sentence after trial, a movant must demonstrate a "reasonable probability" that, <u>inter</u> <u>alia</u>, the court would have accepted the terms of the plea agreement. <u>Lafler v. Cooper</u>, ___ U.S. ___, 132 S. Ct. 1376, 1385 (2012); <u>Frye</u>, 132 S. Ct. at 1410.  "A district court may properly reject a plea agreement based on the court's belief that the defendant would receive too light of a sentence." <u>United States v. Smith</u>, 417 F.3d 483, 487 (5th Cir. 2005).

The sum of the foregoing authorities is that for movant to show he was prejudiced by Belcher not pursuing a plea agreement, movant must demonstrate a reasonable probability that such an agreement would have been presented to, and accepted by, the court.  As discussed repeatedly in this memorandum opinion and order, the court concluded that in movant's case an above-guideline sentence was necessary and appropriate.  Thus, movant cannot show that the court would have accepted a plea agreement giving movant a lesser sentence.

V.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Curtis Oneal Rhine to

17

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 18, 2013.

JOHN McBRYDE
United States District Judge

18